# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL,<br><br>Petitioner,<br><br>v.<br><br>RAY FISHER, JR., Warden, and SCOTT KERNAN, Secretary, California Department of Corrections and Rehabilitation<br><br>Respondent. | Case No. 1:17-cv-00013-SKO  HC<br><br>ORDER DIRECTING PETITIONER TO SUPPLEMENT HIS MOTION FOR STAY AND ABEYANCE<br><br>(Doc. 2) |

Petitioner Gregory Eugene Bisel is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 16, 2016, Petitioner filed the petition, setting forth two fully exhausted claims, and moved for an order of stay and abeyance pending exhaustion of additional, unexhausted claims, including ineffective assistance of appellate counsel.

### I.    Procedural Background

In Fresno County (California) Superior Court, a jury convicted Petitioner of two counts of annoying or molesting a minor child following a prior felony conviction, contrary to California Penal Code § 647.6(c)(2). The court sentenced Petitioner to a prison term of 15 years, 8 months.

Petitioner pursued a direct appeal, alleging constitutional claims relating to the late

discovery of a recorded police interview with the victim and denial of Petitioner's right to represent himself (*Faretta v. California*, 422 U.S. 806 (1975)).  The California Court of Appeal affirmed Petitioner's conviction on August 10, 2016.  The California Supreme Court denied the petition for review on October 19, 2016.

## II.     Standards for Orders of Stay and Abeyance

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised.  *Rose v. Lundy*, 455 U.S. 509, 515 (1982).  A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Federal district courts should stay mixed petitions only in limited circumstances.  *Id.* at 277.  A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation.  *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition.  *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003).  The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay.  *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly*

procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as *Rhines* does. *King*, 564 F.3d at 1140. Since Petitioner seeks a stay pursuant to *Rhines*, and the Court concludes that Petitioner has demonstrated good cause for his failure to exhaust his additional claims, it will analyze Petitioner's motion using the *Rhines* alternative.

*Rhines* does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). If the claims are not "plainly meritless," and if the delays are not intentional or attributable to abusive tactics, however, the *Rhines* court opined that a district court would abuse its discretion in denying a stay. 544 U.S. at 278.

Petitioner claims generally that appellate counsel declined to pursue several constitutional claims in the direct appeal and indicates that he also intends to allege a claim of ineffective assistance of appellate counsel. To enable the Court to evaluate whether the claims potentially have merit, as required by *Rhines*, Petitioner must provide the Court with a supplemental declaration listing the claims for which he seeks a stay pending their exhaustion.

### III.     Conclusion and Order

The Court hereby DIRECTS Petitioner to file, within thirty (30) days of the date of this Order, a supplemental statement setting forth each unexhausted claim for which he seeks a stay to permit exhaustion. If Petitioner fails to comply with this Order, the Court will deny the stay, and permit the petition to move forward on the two exhausted claims currently alleged in it.

IT IS SO ORDERED.

Dated:     **January 13, 2017**                    /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE

3