UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RAY FISHER, JR., et al.,<br><br>　　　　　Respondents. | No. 1:17-cv-00013-DAD-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR DEFAULT<br><br>[Doc. 41] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 2, 2019, Petitioner filed a motion entitled, "Motion to Disqualify State for Violating Court Order; Motion to Issue Writ of Habeas Corpus." (Doc. 41.) Petitioner complains that Respondent has failed to timely comply with a court order. He requests that the writ be issued and he be released from custody. Respondent did not file a response to the motion. The Court will construe the motion as a motion for default and recommend it be denied.

**DISCUSSION**

Petitioner notes that the Court issued an order on September 20, 2019, directing Respondent to return a completed form indicating consent or decline to magistrate judge jurisdiction within thirty days. (Doc. 34.) Petitioner notes that Respondent filed the form on November 5, 2019, which was beyond the thirty days allotted. (Doc. 36.) Petitioner argues that

1

because Respondent failed to timely comply with the deadlines set by the Court, Petitioner is entitled to default, issuance of the writ, and release from custody. The Court rejects this contention. 28 U.S.C. § 2254(a) provides that the writ of habeas corpus shall only extend to a prisoner if he is "in custody in violation of the Constitution or laws or treaties of the United States." See also 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. In Townsend v. Sam, 372 U.S. 293, 312 (1963), the Supreme Court stated: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." The burden to show that he is in custody in violation of the Constitution of the United States is on Petitioner. 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413. The failure of state officials to timely comply with the deadlines set by this Court does not relieve Petitioner of his burden of proof. Default judgments in habeas corpus proceedings are not available as a procedure to empty state prisons.

While it is true that Respondent's submission was not within the time allotted, Respondent's failure does not entitle Petitioner to default. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994). Respondent is hereby cautioned that failure to comply with court deadlines may result in appropriate sanctions. The Court also commends Petitioner for his diligence in attempting to meet all time deadlines.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Petitioner's motion for default judgment be DENIED.

This Findings and Recommendation is submitted to the assigned district judge pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings

and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 23, 2019**          /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE