UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL, <br><br> Petitioner, <br><br> v. <br><br> RAY FISHER, JR., et al., <br><br> Respondents. | Case No.: 1:17-cv-00013-DAD-SKO (HC) <br><br> FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART RESPONDENT'S MOTION TO DISMISS <br><br> [Doc. 42] <br><br> [TWENTY-ONE DAY OBJECTION PERIOD] |

    Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed his petition in this Court on December 16, 2016[1], along with a motion for stay and abeyance. (Docs. 1, 2.) On January 13, 2017, the Court directed Petitioner to supplement his motion for stay. (Doc. 10.) Petitioner filed a supplemental declaration listing his unexhausted grounds on January 24, 2017. (Doc. 12.) On January 30, 2017, the undersigned granted the motion

---

[1] Although the petition was filed in this Court on December 21, 2016, the petition was dated December 16, 2016. Pursuant to the mailbox rule, a *pro se* habeas petitioner's pleading is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore, the Court deems the petition filed on December 16, 2016, the date Petitioner presumably handed his petition to prison authorities for mailing.

1

for stay and abeyance pending exhaustion of those unexhausted claims. (Doc. 13.) Subsequently, Petitioner returned to state court and exhausted his claims.

On July 12, 2019,[2] Petitioner advised the Court that he had exhausted his claims and moved to lift the stay. (Doc. 28.) He also lodged a First Amended Petition. (Doc. 30.) On September 20, 2019, the Court granted the motion to lift the stay and directed the Clerk of Court to file the amended petition. (Doc. 32.) The Court then directed Respondent to file a response to the petition. (Doc. 33.) On December 19, 2019, Respondent filed a motion to dismiss claims 1, 2, 5, and 6 as untimely, and claim 4 as unexhausted and untimely. (Doc. 42.) On February 6, 2020, Petitioner filed an opposition to the motion. (Doc. 48.)

**DISCUSSION**

I.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period and a failure to exhaust state remedies. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

///

///

---

[2] Pursuant to the mailbox rule, Petitioner's motion and amended petition are deemed filed on the date he signed the documents and presumably handed them to prison authorities for mailing.

2

II.     Limitation Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The First Amended Petition was filed on July 12, 2019, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, the California Supreme Court denied the petition for review on October 19, 2016. (Doc. 13-4.) Direct review concluded on January 17, 2017, when the ninety-day period for filing a petition for writ of certiorari to the Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983). The statute of limitations commenced the following day on January 18, 2017. Absent applicable tolling, the last day to file a federal habeas petition was January 17, 2018.

Petitioner filed his original petition on December 16, 2016, and his supplement to the petition on January 24, 2017. These filings were within the limitations period. Petitioner presented the following claims for relief in the original petition: 1) The late discovery of the audiotaped interview was prejudicial and violated Petitioner's constitutional rights; and 2) The trial court erred in denying Petitioner's right to self-representation during sentencing. In the supplement, Petitioner presented the following additional claims: 1) Ineffective assistance of counsel for failure to communicate terms of plea bargain; 2) Ineffective assistance of counsel for counsel's failure to conduct a reasonable pre-trial investigation and call defenses witnesses, a private investigator, or Petitioner's psychologist; 3) Petitioner was incompetent to stand trial; 4) Ineffective assistance of appellate counsel for failure to include claims concerning defense counsel's failure to advise Petitioner of the plea agreement; and 5) Cumulative error.

Petitioner filed his First Amended Petition on July 12, 2019, which was beyond the limitations period. He presents the following six grounds for relief: 1) Trial court lacked jurisdiction because it denied Petitioner's rights to speedy trial; 2) Ineffective assistance of counsel for failure to obtain

transcript of the late discovered audiotaped interview; 3) Late discovery of audiotaped interview prejudiced Petitioner; 4) Ineffective assistance of counsel for failure to communicate terms of plea offer; 5) Ineffective assistance of counsel for failure to challenge certain jury instructions; and 6) Ineffective assistance of appellate counsel for withholding the appellate record for two and one-half years, and for failing to send Petitioner the audiotaped recording.

Respondent correctly states that claim 3 of the amended petition corresponds to claim 1 of the original petition, and claim 4 of the amended petition corresponds to claim 2 of the supplement to the original petition. Claims 1, 2, 5, and 6 are not set forth in the original petition or supplement; therefore, they are untimely unless they relate back to the original claims pursuant to Fed. R. Civ. P. 15(c). Newly exhausted claims in a subsequent petition only relate back to the original petition if the new claims are tied to claims that were exhausted at the time of filing by "a common core of operative facts." Fed. R. Civ. P. 15(c); King v. Ryan, 564 F.3d 1133, 1140-42 (9th Cir. 2009) (applying the relation back principles discussed in Mayle v. Felix, 545 U.S. 644, 657 (2005), the Ninth Circuit found that any newly exhausted claims must be compared with the properly exhausted claims). New grounds do not relate back if they differ in both "time and type" from those in the original petition. Mayle, 545 U.S. at 657.

Upon review of claims 1, 2, 5 and 6 of the amended petition, it is clear that claims 1, 5 and 6 differ in both time and type from the original claims, but claim 2 does not. As to claim 1, Petitioner makes no mention of a speedy trial violation in his initial petition and supplement. In claim 2 of the amended petition, Petitioner claims counsel failed to obtain a transcript of the late discovered audiotaped interview. The Court finds that claim 2 of the amended petition is similar in time and type, and shares a common core of operative facts with claim 2 of the supplement. In the supplement, Petitioner contends that counsel made a late and informal email discovery request which hampered the motion for mistrial, and also resulted in the suppression of the audiotaped interview for 21 months. (Doc. 12 at 7.) The focus of the claim is the audiotaped interview and its late discovery due to counsel's alleged failures. In addition, the claim is of the same type. Therefore, the Court finds that claim 2 relates back. As to claim 5 of the amended petition, the subject of jury instructions was not referenced in the initial petition and supplement. Thus, it is unrelated and therefore untimely.

Schneider v. McDaniel, 674 F.3d 1144 (9th Cir. 2012) (Claims of ineffective assistance of counsel that do not share "common core of operative facts" do not relate back). As to claim 6 of the amended petition, while Petitioner does claim ineffective assistance of appellate counsel in his supplement, the predicate for the claim is the failure to raise the plea agreement issue; the claim does not reference a failure to withhold the record or taped interview recording. Therefore, it too does not relate back.

In summary, the Court finds that claims 1, 5 and 6 do not relate back to the initial petition or supplement. Thus, Respondent is correct that they are untimely. However, the Court finds that claim 2 does relate back and is therefore timely.

III.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, Petitioner filed five habeas petitions in the state courts, as follows[3]:

**First Petition:**
January 26, 2017: Petition for writ of habeas corpus filed in the Fresno County Superior Court.
July 18, 2017: Petition denied.

**Second Petition**:
September 15, 2017: Petition for writ of habeas corpus filed in the California Court of Appeal, Fifth Appellate District.
November 13, 2017: Petition denied.

**Third Petition:**
November 14, 2017: Petition for writ of habeas corpus filed in the California Court of Appeal, Fifth Appellate District.

---

[3] Pursuant to the mailbox rule, the Court deems the petitions filed on the date Petitioner signed them and presumably handed them to prison authorities for mailing.

January 11, 2018: Petition denied.

**Fourth Petition:**
December 7, 2017: Petition for writ of habeas corpus filed in the California Supreme Court.
March 14, 2018: Petition denied.

**Fifth Petition:**
February 1, 2019: Petition for writ of habeas corpus filed in the California Supreme Court.
June 12, 2019: Petition denied with citation to In re Clark, 5 Cal.4th 750, 765-767 (1993).

(Doc. 43 at 5-13.)

Petitioner is not entitled to statutory tolling for the time period between the finality of direct review and the commencement of post-conviction collateral review. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). At the time the first petition was filed on January 26, 2017, the limitations period had run for a period of 8 days, leaving 357 days remaining in the limitations period. As noted above, under § 2244(d)(2), the limitations period is tolled for the time a properly filed petition is pending in a state court. Respondent concedes that the limitations period was tolled from the January 26, 2017, filing of the first state habeas petition in the superior court until the March 14, 2018, denial of the fourth habeas petition that was filed in the California Supreme Court.

Respondent contends, however, that Petitioner is not entitled to any tolling as a result of the fifth state habeas petition, because the petition was not "properly filed." As noted above, the petition was denied with citation to In re Clark, 5 Cal.4th 750, 765-767 (1993), which indicates that the petition was rejected as successive. As noted by Respondent, a successive petition is also untimely under California law. Id. at 770. An untimely petition is not a "properly filed" petition under § 2244(d)(2), and therefore Petitioner is not entitled to tolling with respect to the fifth state habeas petition. Allen v. Siebert, 552 U.S. 3 (2007). Accordingly, the limitations period recommenced running on March 15, 2018. With 357 days remaining, the limitations period expired on March 7, 2019. Since claims 1, 5 and 6 were not filed until July 12, 2019, they were untimely.

IV.     Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). Equitable tolling may be granted when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on

time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, the Court finds no reason to equitably toll the limitations period. The relevant facts were either known to Petitioner or could have been discovered by Petitioner well before the limitations period expired.

V. Stay of Proceedings

Respondent contends that the Magistrate Judge did not have authority to grant Petitioner's motion to stay proceedings, because Respondent had not consented to Magistrate Judge jurisdiction and because Respondent was not given a chance to respond to Petitioner's motion. Respondent further contends that the stay was improperly granted because Petitioner failed to demonstrate good cause. As a result, Respondent contends, claim 4 remains unexhausted and is now time-barred. Respondent's arguments are not persuasive.

First, the undersigned had authority to grant the stay. "[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter." S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir.2013) (citing Reynaga v. Cammisa, 971 F.2d 414, 416-17 (9th Cir. 1992)). By contrast, a motion to stay is nondispositive where it "[does] not dispose of any claims or defenses and [does] not effectively deny ... any ultimate relief sought." Id. In this case, the stay was not dispositive of any of Petitioner's claims, nor did the stay deny the ultimate relief sought. Thus, the order granting a stay was not in excess of jurisdiction as set forth in 28 U.S.C. § 636(b)(1)(a).

Second, Respondent contends that he was not served with the documents in the case and therefore did not have a chance to respond. He alleges that "[m]aking such a dispositive ruling without giving Respondent a chance to respond was inappropriate." (Doc. 42 at 7.) As previously stated, the ruling was not a dispositive ruling. Second, Respondent had not yet been served with the pleadings because the matter was still under preliminary review pursuant to the Court's authority under Rule 4 of the Rules Governing Section 2254 Cases. Such action is not inappropriate. See, e.g., Scott v. Swarthout, 2012 WL 2839804 (E.D. Cal. 2012) (shortly after petitioner filed a motion to stay habeas proceedings, the magistrate judge granted the motion after determining that petitioner had satisfied the Rhines standard); Tran v. Diaz, 2013 WL 5951934 (C.D. Cal. 2013) (by minute order, magistrate judge granted petitioner's motion for stay upon screening of petition); Rodriguez v. McDonald, 2012 WL 3217862 (C.D. Cal. 2012) (Petitioner filed a petition along with a motion for stay. Shortly thereafter, magistrate judge granted motion for stay); Humphry v. Paramo, 2018 WL 6137131 (C.D. Cal. 2018) (same); Ainsworth v. Virga, 2012 WL 7984098 (C.D. Cal. 2012) (magistrate judge granted petitioner's motion for stay prior to respondent's appearance in the matter); Nazarian v. Uribe, 2012 WL 4739915 (C.D. Cal. 2012) (by minute order, magistrate judge granted petitioner's motion for stay).

Third, Respondent contends that the stay was improperly granted because Petitioner did not demonstrate good cause. The Court considered Petitioner's motion and determined he had shown good cause for a stay in its order of January 30, 2017. (Doc. 13.) The Court finds no reason to revisit that determination.

Therefore, the Court finds that claim 4 is exhausted and timely.

VI.     Conclusion

The Court finds claims 1, 5 and 6 to be untimely. Respondent's motion to dismiss these claims should be granted. The Court finds claim 2 of the amended petition relates back to claim 2 of the supplement to the petition. Respondent's motion to dismiss claim 2 should be denied. The Court finds claim 4 to be exhausted and timely filed. Respondent's motion to dismiss claim 4 should be denied.

Accordingly, Respondent's motion to dismiss should be granted in part and denied in part, and Respondent should be ordered to file a response to claims 2, 3, and 4 of the amended petition.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED IN PART and DENIED IN PART, and claims 1, 5 and 6 should be dismissed with prejudice. Respondent should be ordered to respond to claims 2, 3 and 4.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 27, 2020**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE