# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL, | Case No. 1:17-cv-00013-DAD-SKO (HC) |
| Petitioner, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | [Doc. 53] |
| RAY FISHER, JR., Warden, et al., | |
| Respondents. | |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   On September 28, 2020, Petitioner filed a motion requesting the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. Petitioner submits a number of reasons in support of his motion.

   Petitioner states he has been unable to access the law library for several months. He states that due to Covid-19, only inmates who have pending court deadlines can access the law library. Because Petitioner has been unable to submit proof of a pending court deadline, he has been unable to attend the law library. It is true Petitioner has no pending court deadlines. At the

present time, the Findings and Recommendations submitted by the undersigned are pending review by the District Judge, along with the objections submitted by the parties. The District Court is aware that the case has been pending review for some time; however, the District Court's docket of pending cases is substantial, and the Court must act first on those matters that have been pending the longest. Regardless, while Petitioner may not have been able to physically access the law library, he makes no showing that he has been unable to conduct legal research via the law library paging system.

Petitioner next states that he has received conflicting opinions as to whether a motion for certificate of appealability is advisable. He states he had planned to research whether he should prepare such a request. Petitioner is advised that the Findings and Recommendation is not a dispositive order, and therefore not appealable. Thus, a motion for certificate of appealability would be futile.

Finally, Petitioner contends that the motion for stay is sufficiently complex to warrant the appointment of counsel. However, the motion is already fully briefed and pending review by the District Court.

The Court finds that the interests of justice do not require the appointment of counsel at the present time. Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **October 2, 2020**                            /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE