# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL,<br><br>Petitioner,<br><br>v.<br><br>RAY FISHER, JR., Warden, et al.,<br><br>Respondents. | Case No.  1:17-cv-00013-DAD-SKO (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>[Doc. 55] |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On April 21, 2021, Petitioner renewed his motion for appointment of counsel.  (Doc. 55.)  He also requests an expedited hearing with respect to his request for counsel.  (Doc. 55.)  Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  The Court has considered Petitioner's arguments, but the circumstances have not changed such that appointment of counsel is warranted.

    Petitioner states he has been unable to conduct legal research because the law library paging system at his institution is a complete failure.  Nevertheless, with respect to this case, Petitioner has no pending court deadlines.  At the present time, the Findings and Recommendations submitted by the undersigned are pending review by the District Judge, along

1  with the objections submitted by the parties. (Docs. 49, 51, 52.) As previously stated, the District
2  Court is aware that the case has been pending review for some time, but the District Court's
3  docket of pending cases is substantial, particularly in light of the COVID-19 pandemic and
4  shortage of judicial resources, and the District Court must act first on those matters that have
5  been pending the longest.

6  Petitioner also contends that the California Department of Corrections and Rehabilitation
7  ("CDCR") has changed its administrative appeals process in such a way as to frustrate the
8  exhaustion of administrative remedies. He contends that CDCR has abolished its Form 22, which
9  had provided carbon copies allowing inmates to retain documentary evidence of their requests.
10 He states that CDCR made wholesale changes to the 602 appeals process, and he has been unable
11 to conduct legal research on the new appeals process because of failures in the law library paging
12 system.

13 Petitioner is challenging a condition of confinement which has no relevance to his habeas
14 petition. A habeas corpus petition is the correct method for a prisoner to challenge the "legality
15 or duration" of his confinement, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser
16 v. Rodriguez, 411 U.S. 475, 485 (1973)), whereas a civil rights action pursuant to 42 U.S.C. §
17 1983 is the proper method for a prisoner to challenge the conditions of confinement, McCarthy
18 v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Petitioner's complaints over
19 CDCR's administrative appeals process are not cognizable in this federal habeas action.
20 Petitioner must seek relief for those complaints by way of a separate civil rights action.

21 The Court finds that the interests of justice do not require the appointment of counsel at the
22 present time. Accordingly, IT IS HEREBY ORDERED that Petitioner's renewed request for
23 appointment of counsel is DENIED.

24
25 IT IS SO ORDERED.

26 Dated:   **April 22, 2021**                               /s/ *Sheila K. Oberto*
27                                                           UNITED STATES MAGISTRATE JUDGE
28