UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL,<br><br>Petitioner,<br><br>v.<br><br>RAY FISHER JR. and SCOTT KERNAN,<br><br>Respondents. | No. 1:17-cv-00013-DAD-SKO (HC)<br><br>ORDER DECLINING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 42, 49) |

Petitioner Gregory Eugene Bisel is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 19, 2019, respondents moved to dismiss claims 1, 2, 5 and 6 of "Petitioner's First Amended Petition" (hereinafter "First Amended Petition") (Doc. No. 31) as time-barred and claim 4 as both unexhausted and time-barred. (Doc. Nos. 42, 43.) On February 6, 2020, petitioner filed his opposition to that motion. (Doc. No. 48.) Respondents did not file a reply. On February 28, 2020 the assigned magistrate judge issued findings and recommendation recommending that claims 1, 5 and 6 of petitioner's First Amended Petition be dismissed as time-barred, but that respondents' motion to dismiss be denied as to petitioner's claims 2 and 4. (Doc. No. 49.) Both petitioner and respondents have filed objections to the pending findings and recommendations. (Doc. Nos. 51, 52.)

1

Respondents' principle objection is that in their view the assigned magistrate judge lacked the authority to grant petitioner's request for a stay and abeyance of this action pursuant to *Rhines v. Weber,* 544 U.S. 269 (2005) on January 30, 2017.  (Doc. No. 51 at 5–7.)  Specifically, respondents argue that a *Rhines* stay is a generally a dispositive matter which was dispositive here as to petitioner's claim 4 of the First Amended Petition (Doc. No. 31), and thus the magistrate judge exceeded the jurisdictional limits of 28 U.S.C. § 636, in the absence of consent to magistrate judge jurisdiction.  (Doc. No. 51 at 5.)  Respondents also argue that petitioner's motion for stay and abeyance should not have been granted on its merits because he did not establish good cause for the granting of the stay.  (*Id*. at 7–9.)

Petitioner objects to the pending findings and recommendations to the extent they recommend dismissal of any of his claims on the grounds that the court had granted him an extension of the previously-granted *Rhines* stay on September 10, 2018, which permitted him to exhaust his additional claims in state court and that he did in fact return to this court within the time permitted by that order.  (Doc. No. 52 at 1–2.)  Petitioner also addresses in his objections why good cause supported the issuance of the stay orders and offers various corrections to the factual findings included in the pending findings and recommendations.  (*Id*. at 2–7.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including both parties' objections, the undersigned declines to adopt the findings and recommendations.  For the reasons explained below, respondents' pending motion to dismiss will be denied and petitioner will be permitted to proceed on his claims 1, 2, 4, 5 and 6, as well as on his claim 3 which respondents did not move to dismiss.

## DISCUSSION

**A.     The Timeliness of Claims 1, 2, 4, 5, and 6**

In the pending motion to dismiss, respondents seek dismissal of claims 1, 2, 4, 5, and 6 of the First Amended Petition as untimely.  (Doc. No. 42.)  It appears that respondents' arguments regarding the timeliness of petitioner's claims, as raised in the motion to dismiss and discussed in the pending findings and recommendations, are based on a misunderstanding that caused

petitioner's first, timely-lodged amended petition to be overlooked. Petitioner's claims 1, 2, 4, 5, and 6 were all timely-filed either before the running of the statute of limitations or were timely-filed pursuant to the assigned magistrate's orders granting a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) on either January 30, 2017 and September 10, 2018. (Doc. Nos. 13, 24.) The relevant procedural history is as follows.

1. Timeliness of the Lodged Petition

On December 16, 2016, petitioner filed a petition for writ of habeas corpus asserting two fully-exhausted claims ("Original Petition"). (Doc. No. 1.) With his petition, petitioner also filed a motion for stay and abeyance of these federal habeas proceedings under *Rhines* so that he could first exhaust additional, unexhausted claims in state court.[1] (Doc. Nos. 1, 2.) After directing petitioner to file a supplemental statement setting forth each unexhausted claim he wished to return to state court to exhaust ("Petition Supplement") (Doc. No. 10 at 3) and petitioner timely doing so by setting forth his five additional claims (Doc. No. 12.), on January 30, 2017, the assigned magistrate judge granted petitioner's motion for a stay and abeyance pursuant to *Rhines*. That order permitted petitioner to seek to exhaust these five unexhausted claims in state court; required him to file status reports with this court every ninety days; and ordered the petitioner to file a motion to lift the stay and an amended federal habeas petition asserting all of his exhausted claims within thirty days after the California Supreme Court issued a final order resolving his unexhausted claims. (Doc. No. 13 at 3–4.) Thereafter, petitioner sought review of his

/////
/////
/////
/////
/////

---

[1] Pursuant to the mailbox rule, a *pro se* habeas petitioner's pleading is considered filed based on the date it is submitted to prison authorities for mailing, as opposed to the date of its receipt by the clerk of the court. *See Houston v. Lack*, 487 U.S. 266, 274–75 (1988); Rule 3(d) of the Rules Governing Section 2254 Cases. All of petitioner's filing dates referred to in this order will reflect the date he submitted a document to prison officials for mailing.

unexhausted claims in the California courts and filed regular status reports with this court advising it of his progress in that regard.[2] (Doc. Nos. 14, 15, 16, 17, 18.)

Petitioner advises that on April 13, 2018, he mailed his amended federal petition (Doc. 19 at 1), which the undersign notes was lodged on the court's docket under the title, Lodged Petition ("Lodged Petition") (Doc. No. 20) on April 24, 2018. The Lodged Petition was submitted within the thirty-days of the California Supreme Court's issuance of its March 14, 2018 final order ruling on petitioner's unexhausted claims (Doc. No. 42 at 6) and thus was filed in compliance with the directions given to petitioner by the order granting the *Rhines* stay. (Doc. No. 13 at 3–4.) Notably, the Lodged Petition was also submitted before the running of the applicable statute of limitations. (Doc. No. 49 at 6) ("[T]he limitations period expired on March 7, 2019 . . ..")

Petitioner did not file a motion to lift the stay with his Lodged Petition, as required by the January 30, 2017 order granting the *Rhines* stay, but instead filed a document titled "Motion for Leave to Accept Habeas Corpus Petition, or Grant Enlargement of Time; Permission to Exceed Page Limit" dated April 19, 2018. (Doc. 19 at 1–2.) In that filing, petitioner described that on April 15, 2018, he had discovered that several pages and certain exhibits were mistakenly not included by him in the Lodged Petition he had mailed to this court on April 13, 2018 and that he thereafter mailed the missing pages and exhibits to the court.[3] (*Id.* at 1–2.) Petitioner's filing

---

[2] Petitioner's complete filing history in the California state court system is outlined fully in the pending findings and recommendations. (Doc. No. 49 at 5–7.) The undersigned adopts those findings in their entirety. However, the undersigned notes petitioner's objection to the characterization by the findings and recommendations of the total number of petitions he lodged with the state appellate court, stating that the second petition he submitted to the state court was only an amended petition. (Doc. No. 48 at 1–2.) While this has no bearing on the analysis set forth in this order, to address petitioner's objection, the undersigned notes that it does appear petitioner intended for the "second" petition he submitted to the state appellate court on November 14, 2017 (Doc. No. to 43–9) to replace his September 15, 2017 petition (Doc. No. 43-7). By that time, however, the California Court of Appeal had denied the September 15, 2017 petition on November 13, 2017. (Doc. No. 43-8.) Petitioner represents that he did not receive an order denying the earlier petition by mail until November 16, 2017 (Doc. No. 18 at 1), after his amended petition had itself been mailed to the state appellate court. This appears to have caused the California Court of Appeal to treat it as a second petition and to issue a second denial order.

[3] The court notes that these missing pages do not appear to have been docketed, and thus the undersigned is unable to confirm petitioner's assertions of what those pages contained but does note that claim 3 of the Lodged Petition (Doc. No. 20) appears to be missing therefrom.

dated April 19, 2018, was a motion for leave to incorporate those missing pages into his amended petition or, in the alternative, for an extra thirty days to reassemble and refile his amended federal habeas petition. (Doc. 19.) Although not described as a motion to lift the stay, petitioner's motion dated April 19, 2018, clearly relayed to this court that the California Supreme Court had issued a final order ruling on his previously unexhausted claims and that he had submitted his amended federal petition for this court's review. (*Id*. at 1.)

It appears the magistrate judge then misconstrued petitioner's somewhat confusing filings with this court, not realizing that petitioner had just advised the court that his exhaustion petition had been denied by the California Supreme Court and that he was ready to now proceed in federal court with his exhausted claims for federal habeas relief. The undersigned reaches this conclusion because, on April 25, 2018, the assigned magistrate denied petitioner's motion for leave to incorporate the missing pages into his amended federal petition, stating:

> Because Petitioner will file an amended petition and the Court will screen that petition once the stay is lifted, the Court will DENY Petitioner's motion to supplement his petition at this time. Petitioner can file a complete amended petition, with all claims he would like the Court to review, *once his state court claims are resolved*.[4]

(Doc. No. 21 at 2) (emphasis added). On May 13, 2018, petitioner filed a subsequent status report again informing this court that the California Supreme Court had denied his habeas corpus exhaustion petition and describing the issues he had encountered in filing his amended federal petition with this court on April 13, 2018. (Doc. 22 at 1.)

Thus, the Lodged Petition was timely-submitted pursuant to the January 30, 2017 order granting petitioner a *Rhines* stay (Doc. No. 13); however, because of the misunderstanding with respect to the import of petitioner's April 19, 2018 motion (Doc. No. 19), the Lodged Petition was simply overlooked by the court. "When implemented, the *Rhines* exception eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims

---

[4] The magistrate judge's order in this regard thus appears to reflect the misunderstanding. That is because when that order was issued, all of petitioner's previously unexhausted claims had been ruled upon by the California Supreme Court and petitioner had already properly lodged an amended federal petition, as indicated in his motion. (*See* Doc. 19 at 1–2.)

remain pending in federal court throughout." *King v. Ryan,* 564 F.3d 1133, 1140 (9th Cir. 2009). Thus, even the claims first presented in the Lodged Petition would be timely filed in light of the stay pursuant to *Rhines*. Additionally, irrespective of the *Rhines* stay, the Lodged Petition (Doc. No. 20) at issue here was filed prior to the expiration of the applicable one–year statute of limitations, which did not run until March 7, 2019. Thus, the new claims presented in the Lodged Petition are not untimely and are not subject to dismissal as time-barred. (Doc. No. 49 at 6.)

### 2. Timeliness of the First Amended Petition

The operative pleading, the First Amended Petition, is comprised of four claims that were either part of the Original Petition filed December 16, 2016 (Doc. No. 1), the Petition Supplement filed January 24, 2017 (Doc. No. 10), or the Lodged Petition submitted for filing on April 13, 2018 (Doc. No. 20), claims 2–5,[5] each of which was filed prior to the expiration of the applicable statute of limitations. The First Amended Petition also contained two newly-asserted claims, claims 1 and 6.

#### a. *Timeliness of Claims 2, 4, and 5*

The First Amended Petition contains claims asserting that: (1) the state trial court violated petitioner's right to a speedy trial; (2) petitioner's trial counsel rendered ineffective assistance by failing to obtain a transcript of the taped recorded interview of one his alleged victims belatedly produced by the prosecution during his trial; (3) the belated disclosure by the prosecution of the tape recorded interview violated both state law and his constitutional rights under the Sixth and Fourteenth Amendment; (4) petitioner's trial counsel rendered ineffective assistance by failing to communicate the terms of a plea offer to petitioner; (5) petitioner's trial counsel rendered ineffective assistance by failing to challenge certain jury instructions given at his trial; (6) petitioner's appellate counsel rendered ineffective assistance by withholding the record from petitioner for two and a half years and never sending petitioner the recording of the belatedly-produced tape recorded interview of one of petitioner's alleged victims. (Doc. No. 31.)

---

[5] As noted above, respondents did not move to dismiss claim 3 of petitioner's First Amended Petition and also correctly concede that claim 3 corresponds to claim 1 of petitioner's Original Petition. (Doc. Nos. 1 at; 31 at 29–40; 42 at 1; 49 at 4.)

6

Claim 2 of petitioner's First Amended Petition corresponds to claim 1.e of his Lodged Petition. (Doc. Nos. 20 at; 31 at 21–28.) As correctly outlined in the pending findings and recommendations, claim 4 of petitioner's First Amended Petition corresponds to claim 2 of his Petition Supplement. (Doc. Nos. 12 at; 31 at 41–43; 49 at 4–5.) Claim 5 of the First Amended Petition corresponds to Claim 1.c of the Lodged Petition. (Doc. Nos. 20 at; 31 at 44–49.)

Therefore, the court finds that petitioner's claims 2, 4, and 5 as asserted in petitioner's First Amended Petition were timely filed within the limitations period and are not subject to dismissal as time-barred.[6]

### b. *Timeliness of the Newly-Asserted Claims*

For the reasons explained below, the court also concludes that petitioner's two new federal claims for relief contained in his First Amended Petition, as claims 1 and 6, are also not time-barred. Claim 1 was timely because petitioner's First Amended Petition was timely filed in compliance with the magistrate judge's September 10, 2018 order granting a stay and claim 6 is timely because it relates back to claims asserted by petitioner in his timely-filed Lodged Petition. (Doc. No. 24 at 1.)

#### i. Claim 1

On August 12, 2018, petitioner filed a motion seeking to extend the *Rhines* stay, so that he might exhaust another newly-discovered claim before the California Supreme Court, along with a status report describing how he had just acquired a transcript within the previous month which gave rise to that new claim. (Doc. No. 23.) On September 10, 2018, the assigned magistrate granted the motion, extending the stay "to include additional unexhausted claims Petitioner may present to the state court." (Doc. No. 24 at 1.) Petitioner was again instructed to file a motion with this court to lift the stay and an amended habeas petition setting forth all exhausted claims within thirty days after the California Supreme Court had issued a final order addressing any unexhausted claims. (*Id*. at 2.) Thereafter, petitioner filed a second petition with the California Supreme Court (Doc. No. 42 at 2) and continued to file status reports with this court describing

---

[6] The undersigned notes that respondents have presented no challenge to the substance of any of petitioner's claims.

7

his progress on his second exhaustion petition before the California Supreme Court. (Doc. Nos. 25, 26, 27.)

On June 12, 2019, petitioner's second state habeas exhaustion petition was denied by the California Supreme Court as successive. (Doc. No. 42 at 2.) Within thirty days, on July 12, 2019, petitioner timely-lodged an amended federal petition with this court along with a motion to lift the *Rhines* stay. (Doc. Nos. 29, 30.) On September 20, 2019, the assigned magistrate lifted the stay and directed the Clerk of Court to file the July 12, 2019 amended petition on the docket, which became the First Amended Petition. (Doc. Nos. 32 at 2.)

Petitioner is thus correct in his objections that the *Rhines* stay granted on September 10, 2018 permitted him to exhaust his additional claims in state court and claim 1 is therefore not subject to dismissal on timeliness grounds because he did return to this court within the time permitted by that order. (Doc. No. 52 at 1–2.)

ii. Claim 6

The court also finds that petitioner's claim 6 is not time-barred and should be allowed to proceed because it relates back to a claim asserted by petitioner in his timely filed Lodged Petition (Doc. No. 20).

As the pending findings and recommendations explained, "[n]ewly exhausted claims in a subsequent petition only relate back to the original petition if the new claims are tied to claims that were exhausted at the time of filing by "a common core of operative facts." (Doc. No. 49 at 4) (citing Fed. R. Civ. P. 15(c); *King*, 564 F.3d at 1140–42 (applying the relation back principles discussed in *Mayle v. Felix*, 545 U.S. 644, 657 (2005)). As also noted in the pending findings and recommendations, "[n]ew grounds do not relate back if they differ in both 'time and type' from those in the original petition." (*Id.*) (citing *Mayle*, 545 U.S. at 657).

Here the court finds that petitioner's claim 6 asserted in his First Amended Petition is similar in time and in type and shares a common core of operative facts with his claims 1.e and 6

/////

/////

/////

of the Lodged Petition. (Doc. Nos. 20 at 38–44, 55; 31 at 14.) In claim 6[7] of petitioner's First Amended Petition petitioner asserts that he received "ineffective assistance of appellate counsel for withholding the appellate record for two and one-half years, and for failing to send petitioner the audiotaped recording" of the police interview of one of petitioner's alleged victims. (Doc. No. 49 at 4.) Petitioner brought many claims related to this recording and its belated production by the prosecution during his trial, in each alleging ineffective assistance of counsel by his trial counsel, including claim 1.e of the Lodged Petition. (Doc. No. 20 at 38–44; *see also* claim 1 of the Original Petition (Doc. No. 1 at 1, 58–70.)) In claim 6 of the Lodged Petition, petitioner asserted his newly exhausted claim of ineffective assistance of appellate counsel for "issues addressed in [claims] 1b, 1c, 1c, and 1e . . .." (Doc. No. 20 at 55.) The court finds that petitioner's claim that his appellate counsel provided ineffective assistance by failing to forward him a copy of the recorded interview transcript was fully subsumed within his broader and timely-filed claims asserted in the Lodged Petition. Having found that claim 6 relates back to the Lodged Petition, the court also concludes that the claim was presented to this court in a timely fashion.

Because petitioners' claims 1, 2, 4, 5, and 6 were timely filed for the reasons outlined above, respondents' motion to dismiss those claims as untimely will be denied.

**B.      Whether Claim 4 Was Properly Exhausted**

Respondents also seek dismissal of petitioner's claim 4 by asserting it was unexhausted. (Doc. No. 42.) In their motion, respondents argue that claim 4 is unexhausted because the assigned magistrate judge lacked jurisdiction to grant petitioner's motion for a *Rhines* stay on January 30, 2018 (Doc. No. 13). (Doc. No. 42 at 6–7.) Respondents' principle argument, which is repeated in their objections to the pending findings and recommendations, is that the assigned magistrate's *Rhines* stay issued on January 30, 2017 (Doc. No. 13) exceeded the jurisdiction conferred by 28 U.S.C. § 636(b)(1)(a). (Doc. No. 51 at 5–7.) They argue the stay was issued

---

[7] The undersigned notes it appears that some of the final pages of petitioner's First Amended Petition where claim 6 is addressed are missing. The court therefore has relied solely on the description of the claim as asserted by petitioner in his form petition.

9

without obtaining the parties' consent to the magistrate judge's jurisdiction and, separately, that they had not been given an opportunity to object to petitioner's motion under Federal Rules of Civil Procedure Rule 72(a).[8] (*Id.*) Respondents contend that the order granting a *Rhines* stay was a dispositive order because it disposed of respondents' defenses to claim 4. (*Id.*) In response, petitioner claims that he served respondents with the various documents related to his request for stay, so they were well aware of that motion prior to being served by the court. (*See, e.g.*, Doc. No. 48 at 2.)

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72(a); *see also* Local Rule 303(c). In contrast, dispositive matters that may not be heard directly by a magistrate judge must be addressed by way of findings and recommendations. *See* 28 U.S.C. § 636(b).

The Ninth Circuit has never held that the *granting* of *Rhines* stay is a dispositive order that may not be issued by a magistrate judge. The Ninth Circuit has acknowledged that a *denial* of a *Rhines* stay is generally considered to be a dispositive ruling, as outlined in the companion cases, *Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015) and *Bastida v. Chappell*, 791 F.3d 1155 (9th Cir. 2015).[9] Generally in determining whether a motion is dispositive, the Ninth Circuit directs courts to adopt a "functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." *Mitchell*, 791 F.3d at 1168–69. The Ninth Circuit's analysis in *Mitchell* and *Bastida* focused on the impact a denial would be likely to have on a petitioner's unexhausted

---

[8] Respondents were not served with the First Amended Petition and directed to respond thereto until September 20, 2019 (Doc. No. 33), after the magistrate judge had granted stay and abeyance pursuant to *Rhines* and extended that stay at the request of petitioner. (Doc. Nos. 13, 24.)

[9] Moreover, even with respect to orders denying a stay under *Rhines*, which are considered generally dispositive, the Ninth Circuit has indicated that there remain cases where the order is not dispositive, and thus, would be the appropriate subject of an order issued by a magistrate judge. *Mitchell*, 791 F.3d at 1172 ("We do not, however, foreclose the possibility that [a party] could establish, in particular cases, that the denial of such a motion was not dispositive under the circumstances.")

10

claims. In both cases, the court held that a denial of a motion for stay and abeyance under *Rhines* should be considered presumptively dispositive because "a motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims." *Mitchell*, 791 F.3d at 1171; *see also Bastidas*, 791 F.3d at 1159 (citing same).

Here, the January 30, 2017 order granting a stay under *Rhines* was not dispositive as to any of petitioner's claims nor of any of respondents' defenses thereto.[10] This is so because when the Lodged Petition was submitted to this court on April 13, 2018, the statute of limitations for petitioner's filing of a federal habeas petition had not yet run and did not expire until March 7, 2019. (Doc. No. 49 at 6.) For the reasons explained above, the issuance of the *Rhines* stay had no impact in this case on the determination of whether petitioner's unexhausted claims were timely asserted before this court. Thus, the magistrate judge's order granting the *Rhines* stay under the circumstances presented in this case was not dispositive as to any of the claims or defenses. Accordingly, the court rejects the argument presented by respondents in their objections to the pending findings and recommendations as to this issue.[11]

/////

/////

/////

---

[10] The undersigned notes that *dicta* in *Mitchell* and *Bastida* suggests that an order granting stay and abeyance under *Rhines* is most likely not a presumptively dispositive order. Because the Ninth Circuit employs the functional approach, *Mitchell*, 791 F.3d at 1168–69, the dispositive nature of a motion can turn on the outcome and any "asymmetry" in this result is because of the effect on the ultimate claims. *Bastida*, 791 F.3d at 1155 n.5–6.

[11] The court notes that the Ninth Circuit has outlined the procedure to be employed in the event a magistrate judge improperly issued a dispositive order with respect to a motion for stay and abeyance under *Rhines*. *See Sadowski v. Grounds*, 742 F. App'x 311, 312 (9th Cir. 2018) (Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).) Under that procedure, the district judge is to construe the order granting stay and abeyance under *Rhines* as findings and recommendations. As a part of the court's *de novo* review of the pending findings and recommendations, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), and having carefully reviewed the entire file, the court finds the magistrate judge's January 30, 2017 order granting stay and abeyance under *Rhines* to be supported by the record and by proper analysis. Therefore, even if construed as findings and recommendations, the undersigned would adopt them in full.

# CONCLUSION

Accordingly,

1. The court declines to adopt the findings and recommendations issued February 28, 2020 (Doc. No. 49);
2. Respondents' motion to dismiss (Doc. No. 42) is denied;
3. Respondents are directed to file a response to petitioner's claims 1, 2, 3, 4, 5, and 6 within sixty (60) days;
4. Petitioner may file a traverse to the response within thirty (30) days of the date of service of respondents' response; and
5. This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **May 6, 2021**

UNITED STATES DISTRICT JUDGE