1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | GREGORY EUGENE BISEL,

Case No.  1:17-cv-00013-DAD-SKO (HC)

12 |          Petitioner,

ORDER DENYING FOURTH MOTION
FOR APPOINTMENT OF COUNSEL

13 |     v.

[Doc. 58]

14 | RAY FISHER, JR., Warden, et al.,

15 |          Respondents.

16

17      Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus

18 pursuant to 28 U.S.C. § 2254.

19      On May 14, 2021, Petitioner filed his fourth motion for appointment of counsel, and he

20 again requests an expedited hearing.  (Doc. 58.)  Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the

21 appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule

22 8(c), Rules Governing Section 2254 Cases.  The Court has considered Petitioner's arguments but

23 finds that the circumstances do not merit the appointment of counsel.

24      Petitioner again states he has been unable to conduct legal research because the law

25 library paging system at his institution is a complete failure.  As previously stated, with respect

26 to this case, Petitioner has no pending court deadlines.  At the present time, the petition is pending

27 a response from Respondent.  Moreover, the circumstances Petitioner is faced with, *i.e.*,

28 difficulties conducting research due to the COVID-19 pandemic, are shared by all inmates.  To

1

1  the extent the pandemic hinders Petitioner's research, Petitioner may request an extension of time

2  to file his traverse, when that time comes.

3          With respect to Petitioner's request for an expedited hearing, the Court does not have an

4  expedited calendar.  Furthermore, the petition is not yet briefed; therefore, there is no court action

5  to expedite.

6          With respect to Petitioner's complaints concerning the prison's management of its legal

7  resources, Petitioner is again reminded that he is complaining about a condition of his

8  confinement. Such complaints are not cognizable in a federal habeas action, and the proper

9  method for a prisoner to challenge the conditions of confinement is by way of a separate civil

10  rights complaint.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991).

11          The Court finds that the interests of justice do not require the appointment of counsel.

12  Accordingly, IT IS HEREBY ORDERED that Petitioner's fourth request for appointment of

13  counsel is DENIED.

14

15  IT IS SO ORDERED.

16  Dated:    **May 18, 2021**                                    /s/ *Sheila K. Oberto*

17                                                              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28