UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL, | Case No.: 1:17-cv-00013-DAD-SKO (HC) |
| Petitioner, | ORDER DENYING MOTION TO INCLUDE LATE DISCOVERY |
| v. | [Doc. 77] |
| RAY FISHER, JR., et al., | FINDINGS AND RECOMMENDATION TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER AND STAY OF PAROLE CONDITIONS |
| Respondents. | [Doc. 76] |
| | [21-DAY DEADLINE] |

Petitioner is a state parolee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 4, 2021, Respondent filed an answer to the first amended petition. (Doc. 65.) On February 28, 2022, Petitioner filed a traverse to the answer. (Doc. 72.) On April 29, 2022, Petitioner filed a motion for a temporary restraining order. (Doc. 76.) On May 23, 2022, Petitioner filed a motion for leave to include late discovery. (Doc. 77.) For the reasons set forth below, the Court will deny the motion for late discovery and recommend that the motion for temporary restraining order be denied.

/////

/////

1

**DISCUSSION**

I. Motion to Include Discovery

Petitioner moves to include "new evidence . . . of outright theft of Petitioner's funds by jail officers, who apparently stole his debit card from jail's property room, and used it to pilfer $872.00 from 10-19-12 through 10-31-12, by making 4 withdrawals from same ATM machine on the Fulton Mall." (Doc. 77 at 1.) According to the exhibits Petitioner has submitted, it appears Petitioner was the victim of credit card fraud. The Fraud Services Department of Direct Express, a credit card company, determined that $872.00 was fraudulently withdrawn from Petitioner's account, and thereafter restored that amount to Petitioner's account. However, there is no foundation for Petitioner's claim that jail officers were responsible for the fraud. In any case, the evidence is irrelevant to any of Petitioner's claims as it has no bearing on Petitioner's 2014 convictions. Therefore, the motion will be denied.

II. Motion for Restraining Order

On April 29, 2022, Petitioner filed a motion entitled, "Emergency Motion for Order of Protection for Witness Alex G.; Stay of Probation and/or Parole; Motion to Allow New Exhibits Re: Trial Judge Petrucelli." (Doc. 76.) Petitioner first alleges that "[i]t appears highly likely Alex G. (the victim in this case), and his family are in danger of threats, harassment, jailing, or worse, by the full law enforcement element of the Fresno County Court system." (Doc. 76 at 2.) Petitioner's allegation is completely baseless. He submits nothing in support of this unfounded allegation. It is also outside this Court's jurisdiction to issue such an order.

Petitioner mentions certain "restrictive, worsening and ever-changing 'special conditions'" for parole, and he claims the victim may "not provide Petitioner or this Court with evidence he was improperly induced to maintain his fabricated testimony during Petitioner's trial." (Doc. 76.) If Petitioner is seeking this Court's aid to bypass certain special conditions and restrictions of his parole, so as to allow him contact with the victim, Petitioner is gravely mistaken. Such a request should and will be rejected. The allegation also concerns the conditions of Petitioner's confinement and is not properly brought in a habeas proceeding.

Petitioner further "requests immediate relief in the form of stay from all forms of state probation and/or parole, until such time as the petition is resolved . . . ." (Doc. 76 at 5.) Federal courts reserve bail pending resolution of a habeas corpus petition to "extraordinary cases involving special circumstances" and where there is a high probability of the petitioner's success on the merits. United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994) (quoting Land v. Deeds, 878 F.2d 318, 318-319 (9th Cir. 1989)). A petitioner must also show circumstances that make him exceptional and especially deserving of special treatment in the interests of justice. Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964). The Court must consider the petitioner's risk of flight and the danger to the community should the petitioner be released. Marino v. Vasquez, 812 F.2d 499, 508-09 (9th Cir. 1987). None of these requirements have been met in the case before the Court. First, the likelihood of success on the merits is low. Second, Petitioner has shown no circumstances which would make him exceptional or especially deserving of special treatment. Third, his risk of danger to the community is demonstrated herein by his request to avoid the special conditions and restrictions of parole in order to, among other things, contact the victim.

In his motion, Petitioner also requests leave to include newly discovered evidence of the trial judge's serious reprimand proceedings. None of the allegations of misconduct presented concern Petitioner's trial; therefore, the material is irrelevant to these proceedings. The request will be denied.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that the motions for late discovery (Doc. 77) and leave to include additional exhibits (Doc. 76) are DENIED.

**RECOMMENDATION**

The Court RECOMMENDS that the motions for restraining order and for stay of all parole restrictions be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any

party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **May 25, 2022**                         /s/ *Sheila K. Oberto*                 
                                                            UNITED STATES MAGISTRATE JUDGE