UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL,<br><br>    Petitioner,<br><br> v.<br><br>RAY FISHER, JR.,<br><br>    Respondent. | No. 1:17-cv-00013-ADA-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITITON FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 79) |

  Petitioner Gregory Eugene Bisel ("Petitioner") is a registered sex offender and state parolee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On June 17, 2022, the assigned Magistrate Judge issued findings and recommendations to deny the petition on its merits. (ECF No. 79.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty days after service. After being granted five extensions of time, on December 14, 2022, Petitioner filed objections to the findings and recommendations. (ECF No. 94.)

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a

*de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Throughout his objections, Petitioner makes conclusory statements, such as that the Magistrate Judge "seems unable, or unwilling to follow the flow of events, exhibits, and unsupportive portions of the record presented by Petitioner," without explaining the alleged deficiencies in the Magistrate Judge's assessment of the record.  (ECF No. 94 at 1.)  Petitioner further conclusively states that the Magistrate Judge "has apparently opted to follow the state AG's much-flawed, incomplete, inattentive, and misleading interpretation of the record," without addressing the Magistrate Judge's analysis itself.  (*Id.*)

Petitioner also fails to apply the *Strickland* standard to support his claim for ineffective assistance of counsel and does not establish that his counsel's deficient performance fell below the objective standard of reasonableness under prevailing professional norms.  *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Rather, Petitioner notes his counsel's omissions, which do not satisfy the *Strickland* test.  (*See* ECF No. 94 at 3.)

Petitioner further erroneously claims that the Magistrate Judge failed to consider certain information in the findings and recommendations, including allegedly ignoring Petitioner's counsel's impeachment of Officer Jose Jauregui.  (*Id.* at 4.)  However, the Magistrate Judge did, in fact, consider Petitioner's counsel's impeachment of Officer Jauregui, including all arguments and exhibits, to come to the justified determination that Petitioner's constitutional rights have not been violated.  (*See* ECF No. 79 at 18-28.)

Among the documents that Petitioner requests that the Court consider in determining whether to decline or adopt the findings and recommendations is the previously assigned District Judge's order declining findings and recommendations entered on June 6, 2021. (ECF No. 94 at 8.)  The order concerned whether Petitioner's claims were timed barred, which has no bearing to whether Petitioner's writ of habeas corpus should be granted.  (*See* ECF No. 57.)  Overall, the Court finds Petitioner's objections unpersuasive.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal

habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on June 17, 2022, (ECF No. 79), are ADOPTED IN FULL;
2. The petition for writ of habeas corpus is DENIED, with prejudice;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   January 25, 2023

UNITED STATES DISTRICT JUDGE