UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE BISEL, | No. 1:17-cv-00013-ADA-SKO (HC) |
| Petitioner, | ORDER CONSTRUING PETITIONER'S MOTION FOR ENLARGEMENT OF TIME TO FILE APPLICATION FOR CERTIFICATE OF APPEALABILITY AS MOTION FOR ENLARGEMENT OF TIME TO FILE NOTICE OF APPEAL AND GRANTING ENLARGEMENT OF TIME |
| v. | |
| RAY FISHER, JR., et al., | (ECF No. 97) |
| Respondents. | ORDER CONSTRUING MOTION FOR ENLARGEMENT OF TIME AS NOTICE OF APPEAL |
| | (ECF No. 99) |
| | ORDER DIRECTING CLERK OF COURT TO SERVE ORDER ON NINTH CIRCUIT COURT OF APPEALS |

Petitioner Gregory Eugene Bisel ("Petitioner") is a state parolee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 26, 2023, the Court issued an order denying the petition and declining to issue a certificate of appealability. (ECF No. 95.) On March 3, 2023, Petitioner filed a motion for enlargement of time to file an application for certificate of appealability in the Ninth Circuit Court of Appeal. (ECF No. 97.) On the same date, the Ninth Circuit forwarded the motion to this Court. As previously noted, the District Court

declined to issue a certificate of appealability. Therefore, insofar as this Court is concerned, the motion is moot.

At the time Petitioner filed his motion, he had not yet filed a notice of appeal. Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal must be filed within thirty days of the entry of judgment. In this case, the notice of appeal was due on February 27, 2023. However, pursuant to Rule 4(a)(5)(A)(i) of the Federal Rules of Appellate Procedure, the Court may extend the time to file a notice of appeal if the party moves no later than thirty days after the expiration of the thirty days provided in Rule 4(a)(1) for filing said notice. Given Petitioner's *pro se* status, the Court will liberally construe his motion as a motion for enlargement of time to file a notice of appeal under Rule 4(a)(5)(A)(i). Petitioner's motion was within the time frame provided in the Rule, and the Court finds good cause to grant the motion. Accordingly, pursuant to Rule 4(a)(5)(A)(i) of the Federal Rules of Appellate Procedure, the Court grants Petitioner an extension of time *nunc pro tunc* to March 27, 2023, to file a notice of appeal.

On March 29, 2023,[1] Petitioner filed a motion for enlargement of time of ninety days to file an appeal in the Ninth Circuit Court of Appeals. (ECF No. 99.) On the same date, the motion was forwarded to this Court from the Ninth Circuit. (ECF Nos. 100, 101.) Under Rule 4(a)(5)(C) of the Federal Rules of Appellate Procedure, the Court cannot grant a further extension of time beyond that already granted. In light of Petitioner's *pro se* status, the Court will liberally construe his motion as a notice of appeal.

Accordingly,

1) The Court construes Petitioner's motion, (ECF No. 97), as a motion for an extension of time to file a notice of appeal;

2) The Court grants Petitioner an extension of time *nunc pro tunc* to March 27, 2023, to file a notice of appeal;

---

[1] Although the motion was filed in the Ninth Circuit on March 29, 2023, Petitioner's proof of service is dated March 27, 2023. The Supreme Court has held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Accordingly, the notice of appeal is deemed filed on March 27, 2023, and is therefore timely.

3) The Court construes Petitioner's motion for enlargement of time, (ECF No. 99), as a notice of appeal; and

4) The Clerk of Court is directed to serve this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   May 30, 2023

UNITED STATES DISTRICT JUDGE

3