1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GREGORY EUGENE BISEL,                      No.  1:17-cv-00013-ADA-SKO (HC)

12                       Plaintiff,               ORDER GRANTING APPELLANT'S
                                                  MOTION FOR ENLARGEMENT OF TIME
13           v.                                   TO FILE A NOTICE OF APPEAL, AS
                                                  PERMITTED BY FEDERAL RULE OF
14    RAY FISHER, JR., et al.,                    APPELLATE PROCEDURE 4(a)(5)(C), AND
                                                  DENYING APPELLANT'S NOTICE OF
15                       Defendants.              APPEAL AS UNTIMELY

16                                                (ECF Nos. 97, 106)

17

18
                                          **I.**
19
                              **PROCEDURAL BACKGROUND**
20
             Petitioner and Appellant Gregory Eugene Bisel ("Appellant") is a state parolee proceeding
21
      *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On January 26, 2023,
22
      this Court adopted the U.S. Magistrate Judge's findings and recommendations, denying Appellant's
23
      petition for writ of habeas corpus and declining to issue a certificate of appealability.  (ECF No.
24
      95.)  Judgment was entered that same day.  (ECF No. 96.)
25
             On March 3, 2023, Appellant filed a motion for a sixty-day extension of time to file an
26
      application for a certificate of appealability.  (ECF No. 97.)  The U.S. Magistrate Judge construed
27
      Appellant's motion as a motion for an enlargement of time to file a notice of appeal and granted
28
                                            1

1   the motion on March 9, 2023, requiring Appellant to file his notice of appeal no later than March

2   27, 2023.  (ECF No. 98.)  On March 29, 2023, Appellant filed a notice of appeal and signed it on

3   March 27, 2023.  (ECF No. 99.)  Because the parties in this case did not affirmatively consent to

4   the U.S. Magistrate Judge's authority, the Ninth Circuit remanded this case to this Court with

5   instructions to consider Appellant's March 3, 2023, motion.  (ECF No. 103.)

6          On May 30, 2023, per the Ninth Circuit's remand order, this Court construed Appellant's

7   motion for enlargement of time to file an application for a certificate of appealability as a motion

8   for enlargement of time to file a notice of appeal and granted that enlargement of time, providing

9   *nunc pro tunc* to March 27, 2023, to file a notice of appeal.  (ECF No. 104.)  The date of March 27,

10  2023, which was originally ordered by the U.S. Magistrate Judge, (ECF No. 98), provided

11  Appellant thirty days to file a timely notice of appeal.  *See* Fed. R. App. 4(a)(5)(A)(i)-(ii); *see also*

12  28 U.S.C. § 2107(c).

13         On June 1, 2023, the Ninth Circuit issued an order finding that Appellant is not entitled to

14  the benefit of the prison mailbox rule because he is not in custody and did not use an institution's

15  internal mail system to mail his notice of appeal.  (ECF No. 106 at 1-2 (citing Fed. R. App. P.

16  4(c)(1) and *Houston v. Lack*, 487 U.S. 266, 270 (1988)).)  Because Appellant's notice of appeal

17  was due by March 27, 2023, but was not filed until March 29, 2023, the Ninth Circuit suggested

18  that it lacked jurisdiction over the request for a certificate of appealability.  (*Id.* at 2 (citing 28

19  U.S.C. § 2107(a), (c) and Fed. R. App. P. 4(a)(1), (5)).)  The Ninth Circuit then ordered Appellant

20  to either move for voluntary dismissal of his request for a certificate of appealability or show cause

21  as to why it should not be dismissed for lack of jurisdiction within 21 days of service of the order.

22  (*Id.*)  Appellant neither moved for voluntary dismissal of his request nor showed cause as to why it

23  should not be dismissed for lack of jurisdiction.  (*See* Docket.)

24         On July 24, 2023, the Ninth Circuit remanded Appellant's appeal to this Court for the

25  limited purpose of reconsidering the length of extension of time to file a notice of appeal granted

26  to Appellant pursuant to Federal Rule of Appellate Procedure 4(a)(5)(C) and whether the notice of

27  appeal was timely filed on March 29, 2023.  (ECF No. 106.)

28  ///

1

## II.

2

## LEGAL STANDARD

3      Federal Rule of Appellate Procedure 22 provides that "[i]f the district judge has denied the

4  certificate [of appealability], the applicant may request a circuit judge to issue it."  Fed. R. App. 22.

5  According to Rule 4(a)(1)(A), "the notice of appeal required by Rule 3 must be filed with the district

6  clerk within 30 days after the entry of judgment or order appealed from."  Fed. R. App. 4(a)(1)(A);

7  *see also* 28 U.S.C. § 2107(a) ("[N]o appeal shall bring any judgment . . . before a court of appeals

8  for review unless notice of appeal is filed, within thirty days after such judgment . . . .").  For

9  motions for extension of time, the district court may extend the time to file a notice of appeal if "(i)

10  a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii)

11  regardless of whether its motion is filed before or during the 30 days after the time prescribed by

12  this Rule 4(a) expires, that party shows excusable neglect of good cause."  Fed. R. App.

13  4(a)(5)(A)(i)-(ii); *see also* 28 U.S.C. § 2107(c).  No extension may exceed 30 days after the

14  prescribed time or 14 days after the date when the order granting the motion is entered, whichever

15  is later.  Fed. R. App. 4(a)(5)(C).  The Ninth Circuit Court of Appeals lacks jurisdiction if the notice

16  of appeal was untimely.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1091 (9th Cir. 1980).

17      An appellant not in custody who did not use an institution's internal mail system to mail his

18  notice of appeal is not entitled to the benefit of the prison mailbox rule.  *See* Fed. R. App. 4(c)(1);

19  *Houston v. Lack*, 487 U.S. 266, 270 (1988).  "If an inmate files a notice of appeal in either a civil

20  or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or

21  before the last day for filing."  Fed. R. App. 4(c)(1).  "The situation of prisoners seeking to appeal

22  without the aid of counsel is unique.  Such prisoners cannot take the steps other litigants can take

23  to monitor the processing of their notices of appeal and to ensure that the court clerk receives and

24  stamps their notices of appeal before the 30-day deadline."  *Houston*, 487 U.S. at 270-71.

25

## III.

26

## DISCUSSION

27      The Court entered judgment on this matter on January 26, 2023, triggering the thirty-day

28  period to file a notice of appeal.  Appellant had until February 27, 2023, to file his notice of appeal.

1    *See* Fed. R. Civ. P. 6.  Appellant did not file a motion for an enlargement of time to file a notice of

2    appeal until March 3, 2023, four days following the expiration of the time period to file a notice of

3    appeal.  (*See* ECF No. 97.)  Because this was no later than 30 days after the 30-day time period

4    expired and Appellant demonstrated good cause due to his *pro se* status, the Court granted

5    Appellant until March 27, 2023, to file his notice of appeal. (ECF No. 104.)  Because Appellant

6    timely filed a motion for an extension of time to file a notice of appeal, the Court grants Appellant's

7    motion, providing *nunc pro tunc* to March 27, 2023, to file a notice of appeal.  Fed. R. App.

8    4(a)(5)(A)(i)-(ii); *see also* 28 U.S.C. § 2107(c).

9         However, Appellant filed his notice of appeal on March 29, 2023, which is two days past

10   the deadline. (ECF No. 99.)  Appellant may note that he had signed and mailed the notice of appeal

11   on March 27, 2023, arguing that he timely filed it based on the date of his signature.  Nonetheless,

12   Appellant is not in custody and did not use an institution's internal mail system to mail his notice

13   of appeal.  Thus, he is not entitled to the benefit of the prison mailbox rule.  *See* Fed. R. App.

14   4(c)(1); *Houston*, 487 U.S. at 270.  Therefore, this Court lacks jurisdiction over Appellant's appeal

15   due to the untimeliness of the notice.  *See Aldabe*, 616 F.2d at 1091.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4

**IV.**

**CONCLUSION**

Accordingly,

1.  Appellant's motion for an extension of time to file a notice of appeal, (ECF No 97), is GRANTED;

2.  Appellant's notice of appeal, (ECF No. 99), is untimely; and

3.  The case remains closed.

IT IS SO ORDERED.

Dated:    September 7, 2023    _____

UNITED STATES DISTRICT JUDGE

5